# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARTRELL NELLEM, Y40057, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:24-cv-00539-GCS ) |
| C/O POWELL, C/O FELDMAN, MAJOR HAUSENMEIJER, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Dartrell Nellem, an inmate of the Illinois Department of Corrections ("IDOC") currently detained at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while detained at Menard Correctional Center ("Menard"). Specifically, Plaintiff alleges that the defendants failed to protect him from an attack while he was in protective custody and that they refused to process his grievances about the incident. The Court found Plaintiff's initial complaint insufficient to state a claim, and he has now submitted a timely amended complaint.

The Amended Complaint (Doc. 13) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint due to his consent to the full jurisdiction of a magistrate judge (Doc. 7) and the limited consent to the

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE AMENDED COMPLAINT

Plaintiff alleges that on January 17, 2023, he was stabbed in the back of the head by a fellow inmate while in protective custody. (Doc. 13, p. 6). He claims that prior to the attack, he informed Defendants Powell, Hausenmeijer, and Feldman of threats the inmate had made towards him, but the three failed to take him seriously and failed to act to protect him. He also alleges that his assailant was a known white supremacist who often acted at the direction of Defendant Powell. Plaintiff explains that protective custody is an area of the prison where he should have been safe, but defendants failed to afford him that security. He indicates that he filed a grievance about this issue on May 31, 2023, but he has yet to receive a response. (Doc. 13, p. 7). Plaintiff seeks monetary compensation.

Based on the facts alleged, the Court designates the following claim:

**Claim 1:** Eighth Amendment failure to protect claim against Defendants Powell, Hausenmeijer, and Feldman.

---

exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the IDOC, Wexford, and this Court.

The parties and the Court will use this designation in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See, e.g., Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### DISCUSSION

Plaintiff's allegations are sufficient to proceed on a failure to protect claim against Powell, Hausenmeijer, and Feldman. To state a failure to protect claim, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Reading Plaintiff's complaint broadly, he has met this standard for purposes of initial review.

Although Plaintiff's Amended Complaint is sufficient to proceed, it is possible that his case will ultimately be dismissed for failure to exhaust his administrative remedies because he unequivocally explains that his grievance is still pending at the first level of review. A sue first, exhaust later approach is not acceptable, so this issue may prove determinative for this case. For now, the case may proceed.

DISPOSITION

**IT IS HEREBY ORDERED THAT Claim 1** of the Amended Complaint (Doc. 13) survives initial screening as described above against Defendants Powell, Hausenmeijer, and Feldman.

The Clerk of Court is **DIRECTED** to prepare for Defendants Powell, Hausenmeijer, and Feldman: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint (Doc. 13), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. *See* FED. R. CIV. PROC. 41(b).

This case may ultimately include the exchange of medical records, so the Clerk of Court is **DIRECTED** to enter the standard HIPAA Order.

**IT IS SO ORDERED.**

**DATED:  May 6, 2024.**

Digitally signed by Judge Sison
Date: 2024.05.06 13:55:24 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.